758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WADE KOONCE, PLAINTIFF-APPELLANT,
v.
FUNDIMENSIONS, DEFENDANT-APPELLEE.
 NO. 82-3798
 United States Court of Appeals, Sixth Circuit.
 2/1/85
 
 On Appeal from the United States District Court for the Northern District of Ohio
 Before: LIVELY, Chief Judge; ENGEL, Circuit Judge; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Wade Koonce appeals from the order and judgment entered by United States Magistrate James G. Carr of the Northern District of Ohio dismissing his employment discrimination suit brought pursuant to 42 U.S.C. Sec. 1981 and 42 U.S.C. Sec. 2000e.
 
 
 2
 Wade Koonce was employed by defendant Fundimensions, a division of General Mills, Inc., as an industrial engineer. On December 21, 1978, Koonce was placed on indefinite layoff from his position. On November 6, 1980, after receiving a right to sue letter from the Equal Employment Opportunity Commission, Koonce filed suit in the Northern District of Ohio alleging that he was indefinitely laid off because of his race in violation of 42 U.S.C. Sec. 1981 and 42 U.S.C. Sec. 2000e. The parties consented to the action being heard before a magistrate with appeal directly to this court.
 
 
 3
 The case was tried without a jury before Magistrate James G. Carr. Magistrate Carr found that plaintiff Koonce established a prima facie case of racial discrimination upon showing that a supervisor had displayed racial animus toward him and, after his discharge, Fundimensions published an advertisement for a position similar to his position. See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248 (1981). Magistrate Carr found that the prima facie case was rebutted by evidence that Koonce's layoff was due to economic difficulties of the company which required the layoff of 20 salaried employees in the Toledo plant where Koonce worked. Upon finding that Fundimensions' reason for its dicision to terminate plaintiff Koonce was not pretextual, Migistrate Carr entered judgment for defendant Fundimensions and ordered the complaint be dismissed with prejudice.
 
 
 4
 On his appeal, plaintiff Koonce alleges that the magistrate's findings of fact were clearly erroneous. In addition, plaintiff Koonce alleges that the magistrate erred in sustaining objections to questions regarding statements submitted by defendant Fundimensions to the Ohio Civil Rights Commission (OCRC). Defendant Fundimensions asserts that the appeal should be dismissed because the notice of appeal was not timely filed. Fundimensions withdrew this objection when it later appeared that the notice of appeal had been timely tendered.
 
 
 5
 Upon a careful consideration of the entire record and briefs of the parties, the court agrees with the conclusion of the magistrate that plaintiff's prima facie case was rebutted by overwhelming evidence that Koonce's layoff was solely caused by the economic difficulties which also caused the termination of 19 other employees who were white. The magistrate's findings were not clearly erroneous.
 
 
 6
 With respect to plaintiff's assertion that the magistrate unfairly restricted his counsel's efforts to introduce evidence regarding statements made by Fundimensions to the OCRC regarding plaintiff's poor work record, it is observed that the document in question was received into evidence and considered by the magistrate. In addition, there was ample opportunity available thereafter for the plaintiff to explore the issue raised by the document. The magistrate's objections went to the order of proof only. We perceive no prejudice from this exercise of a court's inherent power to control the order of proof.
 
 
 7
 Accordingly, the judgment of the magistrate is AFFIRMED.